UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN



| | |
|---|---|
| United States of America, | No. 17-20574 |
| Plaintiff, | Hon. Victoria A. Roberts |
| v. | |
| Jose Gregario Torres, | **Offenses:**<br>Count 2: 18 U.S.C. § 2422(b) |
| Defendant. | **Maximum Penalties:**<br>Count 2: 10 yrs – life imprisonment |
| | **Maximum Fines:**<br>Count 2: $250,000 |

# Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Jose Gregario Torres and the government agree as follows:

## 1. Guilty Plea

### A. Counts of Conviction

Defendant will enter a plea of guilty to Count 2 of the Indictment, which charges: coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b).

## B. Elements of Offense

The elements of Counts 2—online enticement of a minor—are:

1. The defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of eighteen to engage in sexual activity;

2. The defendant believed that such individual was less than eighteen years of age;

3. The defendant could have been charged with a criminal offense for engaging in the specified sexual activity

## C. Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea:

From on or about August 1, 2015, through on or about April 30, 2016, in the Eastern District of Michigan and elsewhere, the defendant knowingly used a facility or means of interstate commerce (namely, the internet) and employed, used, persuaded, enticed and coerced any minor— specifically:

- MV-1 (female child, born in 2001);

to engage in sexually activity. Specifically, defendant persuaded, induced and coerced MV-1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and defendant knew or had reason to know that those visual depictions would be transported using any means and facility of interstate and foreign commerce.

## 2. Sentencing Guidelines

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. The parties agree that the sentencing guideline range is **135 – 168 months' imprisonment**, as set forth on the attached worksheets. In either case, if the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated

a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **135 – 168 months' imprisonment**, the higher guideline range becomes the **agreed range**. But if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

### C. Relevant Conduct

The relevant conduct in this case includes, but is not limited to, all the counts in the Indictment.

### 3. Sentence

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

#### A. Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. The Court must impose a sentence of imprisonment on Count 2 of at least 120 months.

#### B. Supervised Release

A term of supervised release follows the term of imprisonment. There is no agreement as to the term of supervised release. But the Court must impose a term of supervised release on Count 2 of no less than five years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

#### C. Special Assessment

Defendant will pay a special assessment of $5,000 per count and must provide the government with a receipt for the payment before sentence is

imposed. (*see* Justice for Victims of Trafficking Act of 2015, Public L. No. 114-22).

### D. Fine

There is no agreement as to fines.

### E. Restitution

The Court shall order restitution to every identifiable victim of defendant's offense. There is no agreement on restitution. The Court will determine who the victims are and the amounts of restitution they are owed.

## 4. SORNA/Adam Walsh Act

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts).

Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 5. Forfeiture

Upon conviction for the conduct alleged in Count 2 of the Indictment, the defendant shall, pursuant to 18 U.S.C. § 2253, forfeit to the United States the property as it was used or intended to be used to commit or to promote the commission of the offenses charged.

In entering this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution.

In entering into this agreement with respect to forfeiture, defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified personal property as provided by rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

With respect to the above property, defendant agrees to the entry of one or more orders of forfeiture of his interest in such property upon application by the United States at, or anytime before his sentencing in this

case. Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the forfeiture of property covered by this agreement.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

## 6. Use of Withdrawn Guilty Plea

If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 7. Other Charges

If the Court accepts this agreement, the government will dismiss any remaining charges in the Indictment.

## 8. Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 9. Appeal Waiver

The defendant waives any right he may have to appeal his conviction. If the defendant's sentence does not exceed the maximum allowed by Part 3 of this agreement, the defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range as

determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the defendant properly raises such a claim by collateral review under 28 U.S.C. § 2255.

## 10. Consequences of Withdrawal of Guilty Plea or Vacation of Conviction

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 11. Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 12. Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the

government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

/

/

/

/

/

/

/

/

/

/

/

/

/

## 13. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 p.m.** on **November 15, 2017**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Daniel L. Lemisch,
Acting United States Attorney

_____  _____
Matthew A. Roth,                  Margaret M. Smith,
Chief, General Crimes Unit        Assistant United States Attorney

Date: 10.05.17

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____  _____
Richard Helfrick,                 Jose Gregario Torres,
Attorney for Jose Torres          Defendant

Date: 11-9-17

# WORKSHEET A
# OFFENSE LEVEL

Defendant **Jose Torres**   District/Office **Eastern District of Michigan**

Docket Number **17-20574**

Count Number(s) **2**   U.S. Code Title & Section **18** : **2422(b)** ; ____ : ____

*Guidelines Manual* Edition Used: 20**16** (*Note:* The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2G1.3(c)(1) | cross reference to 2G2.1 - production of child pornography | |
| 2G2.1(a) | base offense level | 32 |
| 2G2.1(b)(1) | age of victim (12 - 16) | 2 |
| 2G2.1(b)(6) | use of computer | 2 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.

Sum **36**

### 2. Victim-Related Adjustments (See Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".   §_____   [ ]

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".   §_____   [ ]

### 4. Obstruction Adjustments (See Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".   §_____   [ ]

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.   **36**

[✓] Check here if all counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[ ] If the defendant has no criminal history, enter "1" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET C
# CRIMINAL HISTORY
[Page 1 of 2]

Defendant __Jose Torres__                              Docket Number __17-20574__

*Note: As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.*

**Enter the Earliest Date of the Defendant's Relevant Conduct** _____
(The date of *the defendant's commencement of the instant offense(s)*)

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

*Note: Identify as "adult" any sentence exceeding one year and one month that resulted from an adult conviction.*
*A release date is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the defendant's earliest date of relevant conduct but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to the defendant's earliest date of relevant conduct, but release from confinement occurred within such 5-year period.*

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

*Note: A release date is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the defendant's earliest date of relevant conduct but resulted in the defendant being incarcerated during any part of such 15-year period.*

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant __Jose Torres__                     Docket Number __17-20574__

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

### 3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.   **0**

### 4. "Status" of Defendant at Time of Instant Offense

2 **Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.   **0**

### 5. Crimes of Violence

1 **Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.   **0**

### 4. Total Criminal History Points (Sum of Items 3–5)

**0**

### 5. Criminal History Category (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

**I**

# WORKSHEET D
# DETERMINING THE SENTENCE
[Page 1 of 4]

Defendant **Jose Torres**  Docket Number **17-20574**

### 1. Adjusted Offense Level (From Worksheet A or B)
If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.  **36**

### 2. Acceptance of Responsibility (See Chapter Three, Part E)
Enter the applicable reduction of 2 or 3 levels. If no adjustment is applicable, enter "0".  **−3**

### 3. Offense Level Total (Item 1 less Item 2)
**33**

### 4. Criminal History Category (From Worksheet A or C)
Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.  **I**

### 5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender (See Chapter Three, Part A, and Chapter Four, Part B)

**a. Offense Level Total**
If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

**b. Criminal History Category**
If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

### 6. Guideline Range from Sentencing Table
Enter the applicable guideline range from Chapter Five, Part A, in months.  **135** to **168**

### 7. Restricted Guideline Range (See Chapter Five, Part G)
If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".  **to**

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

### 8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment (See §5G1.3)

☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant  Jose Torres                                    Docket Number  17-20574

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐ **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑ **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant  Jose Torres                               Docket Number 17-20574

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

a. **Imposition of a Term of Supervised Release:**

- [✓] Ordered because required by statute (See §5D1.1(a)(1)).

- [ ] Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

- [ ] Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).

- [ ] Ordered because it may be ordered in any other case (See §5D1.1(b)).

b. **Length of Term of Supervised Release**

Check the Class of the Offense:

- [ ] Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

- [ ] Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

- [ ] Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

- [✓] If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

   5   years mandatory minimum term of supervised release

- [ ] If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
   **unknown**

b. Enter whether restitution is statutorily mandatory or discretionary:
   **statutorily mandated**

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant **Jose Torres**  Docket Number **17-20574**

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

**a. Special Fine Provisions**  Minimum  Maximum

☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.  $ _____

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.  $35,000  $350,000

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 15(b)) and the greater maximum above (Item 15(a) or 15(b))).  $ _____  $ _____

**d. Ability to Pay**

☐ Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**  $5,100

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____
_____
_____
_____

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____
_____
_____
_____

Completed by **AUSA Maggie Smith**  Date **10.05.17**